UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DONAVEON LIGHTBOURN,<br><br>    Petitioner,<br><br>v.<br><br>J. RAY ORMOND, Warden,<br><br>    Respondent. | Civil Action No. 6: 18-CV-161-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Donaveon Lightbourn has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lightbourn's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (citations and internal quotation marks omitted).

In October 2008, a federal jury in Miami, Florida, found Lightbourn guilty of possessing a firearm and ammunition after having been convicted of a felony in violation of 18 U.S.C.

1

§ 922(g)(1). During the sentencing hearing, Lightbourn did not object to information in the Presentence Investigation Report ("PSR") indicating that he had one prior juvenile conviction, ten prior adult misdemeanor convictions, eleven arrests, and seven prior adult felony convictions. These offenses involved the use of marijuana, the brandishing or use of a gun, an assault upon a police officer, carrying a concealed firearm, and second degree murder. Of those, the trial court concluded that at least three qualified as violent felonies or serious drug offenses within the meaning of 18 U.S.C. § 924(e)(1), rendering him subject to a mandatory minimum sentence of 15 years imprisonment as an armed career criminal. Specifically, six prior offenses qualified as predicate offenses for purposes of the §924(e) enhancement:

(1) a 1997 conviction for the possession of cocaine with intent to sell;

(2) a separate 1997 conviction for the sale of cocaine;

(3) a 1997 conviction for battery upon a law enforcement officer;

(4) a 1999 conviction for possession of cocaine with intent to sell;

(5) a 2000 conviction for battery upon a law enforcement officer; and

(6) a 2000 conviction for escape.

In December 2008, the trial court imposed a sentence of 293 months imprisonment at the upper end of the range established by the advisory Sentencing Guidelines. *United States v. Lightbourn*, No. 1: 08-CV-20367-WPD-1, (S.D. Fla. 2008). The Eleventh Circuit affirmed both Lightbourn's conviction and the enhancement of his sentence on direct appeal. *United States v. Lightbourn*, 357 F. App'x 259 (11th Cir. 2009).

The Supreme Court denied Lightbourn's petition for a writ of *certiorari* on May 25, 2010, two months after it had issued its decision in *Johnson v. United States*, 559 U.S. 133 (2010). Lightbourn filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255

on May 10, 2011, which the trial court denied one week later without requiring a response from the government. The Eleventh Circuit denied a certificate of appealability.

In 2015, Lightbourn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. In that petition, Lightbourn argued that in light of the Supreme Court's decisions in *Johnson* (2010) and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), his two prior Florida convictions for battery upon a law enforcement officer did not qualify as "violent felonies" to enhance his sentence under § 924(e)(1). He further argued based upon decisional law predating his conviction and sentencing that one of his convictions for drug trafficking and one of his convictions for assaulting a police officer did not constitute valid predicates because he had pled *nolo contendre* to each. That court denied the petition, finding that Lightbourn's claims were not cognizable in a habeas corpus petition under § 2241. *Lightbourn v. Warden*, No. 5: 15-CV-416-WTH-PRL (M.D. Fla. 2015).

In his § 2241 petition before this Court, Lightbourn simply reiterates a slightly-truncated version of the same arguments he asserted unsuccessfully in his prior habeas petition. [R. 1 at p. 5] Although Lightbourn set forth in his petition the required procedural history of his criminal case and initial collateral review proceedings [R. 1 at pp. 2-3], he omits any reference to the habeas corpus proceedings which squarely rejected the same claims he presents here. Were the respondent to raise the issue, Lightbourn's claims would plainly be barred as an abuse of the writ. 28 U.S.C. § 2244(a); *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003).

However, a response to the petition is not warranted because it fails to establish even colorable grounds for relief, as Lightbourn's claims are not cognizable in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. If a federal prisoner wishes to challenge the legality

on May 10, 2011, which the trial court denied one week later without requiring a response from the government. The Eleventh Circuit denied a certificate of appealability.

In 2015, Lightbourn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. In that petition, Lightbourn argued that in light of the Supreme Court's decisions in *Johnson* (2010) and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), his two prior Florida convictions for battery upon a law enforcement officer did not qualify as "violent felonies" to enhance his sentence under § 924(e)(1). He further argued based upon decisional law predating his conviction and sentencing that one of his convictions for drug trafficking and one of his convictions for assaulting a police officer did not constitute valid predicates because he had pled *nolo contendre* to each. That court denied the petition, finding that Lightbourn's claims were not cognizable in a habeas corpus petition under § 2241. *Lightbourn v. Warden*, No. 5: 15-CV-416-WTH-PRL (M.D. Fla. 2015).

In his § 2241 petition before this Court, Lightbourn simply reiterates a slightly-truncated version of the same arguments he asserted unsuccessfully in his prior habeas petition. [R. 1 at p. 5] Although Lightbourn set forth in his petition the required procedural history of his criminal case and initial collateral review proceedings [R. 1 at pp. 2-3], he omits any reference to the habeas corpus proceedings which squarely rejected the same claims he presents here. Were the respondent to raise the issue, Lightbourn's claims would plainly be barred as an abuse of the writ. 28 U.S.C. § 2244(a); *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003).

However, a response to the petition is not warranted because it fails to establish even colorable grounds for relief, as Lightbourn's claims are not cognizable in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. If a federal prisoner wishes to challenge the legality

of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

28 U.S.C. § 2255(e) provides a narrow exception to this prohibition if the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). The Sixth Circuit has held that this exception may only be invoked to challenge the enhancement of a sentence where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

First, Lightbourn was sentenced in December 2008, nearly four years after *Booker* was decided, under an advisory guidelines regime. He therefore fails to satisfy the threshold cognizability requirement of *Hill*. Second, Lightbourn may not rely upon the Supreme Court's first *Johnson* decision as it was issued in March 2010, while his petition for *certiorari* remained pending on his direct appeal, and long before he filed his first timely motion for relief under § 2255(a). Because any argument under *Johnson* (2010) was available during Lightbourn's direct appeal and in an initial motion under § 2255, it fails the third requirement of *Hill*.

4

Similarly, Lightbourn may not invoke the Supreme Court's second *Johnson* decision issued in 2015 as grounds for relief. In *Johnson*, the Supreme Court concluded that the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness and hence was unconstitutional. However, that was a decision of *constitutional* law; it did not conclude that, as a matter of statutory interpretation, any of Lightbourn's prior offenses no longer qualified as predicate offenses to enhance his sentence. Further, in *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), the Supreme Court concluded that its decision in *Johnson* (2015) was retroactively applicable to cases on collateral review for purposes of 28 U.S.C. § 2255(h)(2). Thus Lightbourn could, and therefore must have, asserted any claim under *Johnson* (2015) in a second or successive motion under § 2255. *In re: Watkins*, 810 F.3d 375 (6th Cir. 2015). Given the availability of a remedy to assert a *Johnson* (2015) claim through a motion filed under § 2255, relief under § 2241 is unavailable. Cf. *Neuman v. Butler*, No. 6: 17-CV-3-DLB, 2017 WL 3723660, at *3 (E.D. Ky. Aug. 29, 2017), *aff'd*, No. 17-6100 (6th Cir. May 21, 2018); *Lose v. Merlak*, No. 4: 16-CV-1532, 2016 WL 4079726, at *1 (N.D. Ohio Aug. 1, 2016).

Finally, Lightbourn's challenge to the use of two prior convictions as predicates to enhance his sentence on the ground that he pleaded *nolo contendre* is a claim that he could, and therefore must, have asserted at the sentencing hearing or on direct appeal. In addition, this claim is predicated not upon a Supreme Court decision issued after his conviction became final, but upon circuit-level decisions issued over a decade before his sentencing. And at most, this claim affects only two of the six prior offenses used to enhance Lightbourn's sentence. Because 18 U.S.C. § 924(e)(1) requires only three prior violent felonies or serious drug offenses to warrant the enhancement of the sentence imposed for violating § 924(g)(1), Lightbourn's

sentence was properly subject to enhancement even without counting these two prior convictions.

For each of these reasons, Lightbourn's petition fails to establish viable grounds for relief and will be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Lightbourn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 22nd day of June, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY